IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CECIL PERRY (Bookin No.14011579), Plaintiff, | § | |
| V. | § | No. 3:14-cv-2140-L-BN |
| DALLAS SHERIFF'S DEPARTMENT, ET AL., Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Cecil Perry has been granted leave to proceed *in forma pauperis*, under 28 U.S.C. § 1915. *See* Dkt. No. 7. Because Plaintiff is proceeding *in forma pauperis*, his complaint [Dkt. No., 3] is before the undersigned United States Magistrate Judge for screening under 28 U.S.C. § 636(b). The undersigned now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff's 42 U.S.C. § 1983 complaint under concerns his arrest in February 2014 and the subsequent – ongoing – state criminal case against him. *See* Dkt. No. 3. The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 8. And Plaintiff answered the interrogatories on September 30, 2014. *See* Dkt. No. 12.

In his complaint and interrogatory responses, Plaintiff alleges that he is falsely imprisoned and that he has been denied due process and/or his constitutional rights

have been violated throughout his current, ongoing state criminal proceeding. *See* Dkt. No. 3 at 4; Dkt. No. 12 at 1-4. In addition to naming the Dallas County Sheriff as a defendant, Plaintiff makes complaints against (1) the judge presiding over his trial, the Honorable Michael Snipes, Dallas County Criminal District Court No. 7; (2) Dallas County Chief Magistrate Terrie McVea; (3) his defense attorneys, Sindhu Alexander and G. Thayer Williamson; and (4) the arresting officer, J. Kirby, of the Garland Police Department. *See* Dkt. No. 12 at 3-7.

Plaintiff requests $150,000 in actual damages and $1,500,000 in punitive damages. *See id.* at 1.

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*,

490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To state a claim on which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

In response to the Court's interrogatories, Plaintiff has made it clear that he has not yet been convicted on the charges on which he currently is being held – possession of less than a gram of cocaine. *See* Dkt. No. 12 at 10. Indeed, Dallas County jail and court records, accessible at www.dallascounty.org, show that Plaintiff is currently detained on those charges and that his criminal case, Case No. F 14-23415, remains pending in Dallas County Criminal District Court No. 7.[1]

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See id.* at 486-87. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred. *See id.*; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000) ("*Heck* dictates that when a person such as Hainze brings a section 1983 claim against the arresting officers the district court must first consider whether a judgment in favor of the plaintiff would necessarily

---

[1] This Court may take judicial notice of records from the state court proceeding that is intertwined with this action. *See* FED. R. EVID. 201; *cf. Collins v. Thaler*, Civil Action No. 3:13–CV–1223–O, 2013 WL 3388439, at *1 n.1 (N.D. Tex. July 8, 2013) (in which the court took "judicial notice of the electronic state habeas court record available through the Texas Court of Criminal Appeals"). To the extent that Plaintiff objects to the propriety of taking judicial notice of such records, the period for filing objections to these findings, conclusions, and recommendation provides Plaintiff an opportunity to be heard on any such objections. *See* FED. R. EVID. 201(e).

imply the invalidity of his conviction or sentence. If so, the claim is barred unless the conviction has been reversed or declared invalid." (footnotes and internal quotation marks omitted)). But, because Plaintiff's criminal case is pending, his claims are not barred by *Heck*. *See generally Wallace v. Kato*, 549 U.S. 384 (2007).

While *Heck* does not apply, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would interfere in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–cv–227–R, 2005 WL 473680, at *1 (N.D. Tex. Feb.28, 2005) (citing cases); *see also Younger v. Harris*, 401 U.S. 37, 43-45 (1971). And, faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears the better option under the particular circumstances here is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. Dec. 3, 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. Jan. 11, 2010) (mem.); *but see Turner v. Broward Sheriff's Office*, 542 F. App'x 764 (11th Cir. Oct. 4, 2013) (per curiam) (affirming dismissal of 1983 action, under Section 1915(e)(2)(B)(ii), based on *Younger* abstention).

"Nevertheless, neither *Heck* nor a potential stay precludes the Court from screening 'claims against certain party-defendants on other grounds apparent in the record.'" *King v. Forest*, Civil Action No. 3:08-CV-1405-L, 2008 WL 4951049, at *3 (N.D.

Tex. Nov. 14, 2008) (quoting *Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713 (5th Cir. Feb. 6, 2004) (per curiam)). "The Court may sidestep *Heck* 'when the case presents issues that are appropriate for early and final determination,'" such as "issues of immunity" and "whether an individual or entity is a proper party to the litigation." *Id.* (quoting *Solesbee v. Nation*, No. 3:06-CV-0333-D, 2008 WL 244343, at *8 (N.D. Tex. Jan. 29, 2008)) (collecting cases).

Accordingly, the claims against four of the five currently named defendants should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against the Dallas County Sheriff's Department fail because that defendant is not a jural entity subject to suit under Section 1983. *See, e.g., Johnson v. Dallas Cnty. Sheriff Dep't*, Civil Action No. 3:08-CV-0423-G, 2008 WL 2378269, at *3 (N.D. Tex. June 6, 2008) (""The Dallas County Sheriff's Department is not a jural entity that can be sued." (citing *Magnett v. Dallas Cnty. Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan.20, 1998))); *accord Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (absent authorization by a Texas city, a plaintiff "no more can proceed against [its] police department alone than [he] could against the accounting department of a corporation"). Although Plaintiff has requested that the Court allow him to amend his complaint to name Dallas County instead, *see* Dkt. No. 12 at 2, this request should only be taken up if and when this lawsuit proceeds.

Plaintiff's claims against Judge Snipes and Magistrate McVae should also be dismissed as frivolous.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted).

Plaintiff's only specific allegations against Judge Snipes and Magistrate McVae, *see* Dkt. No. 3 at 4-5; Dkt. No. 12 at 5-6, relate to acts normally performed by a judge that are within the scope of his or her jurisdiction and authority – ruling on motions, scheduling proceedings, and conducting hearings. *See Jackson v. Tapscott*, No. 3:07-cv-1546-G, 2007 WL 4165711, at *2 (N.D. Tex. Nov. 26, 2007) ("Because Judge Tapscott was acting within the scope of his authority in communicating with the parties, managing his docket, and determining what orders to issue in the state civil action, he is entitled to absolute judicial immunity."). Because Plaintiff "does not complain of any actions taken by [either] Judge [Snipes or Magistrate McVae] that were nonjudicial in nature," Plaintiff's "claims against Judge [Snipes and Magistrate McVae are] therefore properly dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285.

Similarly, Plaintiff's Section 1983 claims against his defense counsel – Sindhu Alexander and G. Thayer Williamson – are also frivolous. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk*

*Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

**Recommendation**

The Court should summarily dismiss Plaintiff's claims against the Dallas County's Sheriff's Department, Judge Michael Snipes, Magistrate Terrie McVea, Attorney Sindhu Alexander, and Attorney G. Thayer Williamson. The Court should otherwise stay this action but direct the Clerk of Court to administratively close this action for statistical purposes.

The Court should retain jurisdiction and order that the action may be reopened on a motion by Plaintiff after the pending state criminal charges are resolved. The motion should be ordered filed within the statutory period of limitations for Plaintiff's claims, or within sixty days of the date the criminal charges are resolved, whichever date is later.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 6, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE