IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT CECIL PERRY, #14011579,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2140-L** |
| | § | |
| **DALLAS SHERIFF'S** | § | |
| **DEPARTMENT, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Robert Cecil Perry ("Plaintiff") brought this action, pursuant to 42 U.S.C. § 1983, against Defendants Dallas County Sheriff's Department, Judge Michael Snipes, Magistrate Judge Terrie McVea, attorneys Sindhu Alexander and G. Thayer Williamson, and arresting Garland police officer J. Kirby, asserting for alleged civil rights violations that occurred in conjunction with his arrest, detention, and ongoing state court criminal case. The case was referred to Magistrate Judge David L. Horan, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 6, 2014, recommending that the court dismiss with prejudice as frivolous Plaintiff's claims against Defendants Dallas County Sheriff's Department, Judge Michael Snipes, Magistrate Judge Terrie McVea, and attorneys Sindhu Alexander and G. Thayer Williamson, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The magistrate judge further recommended that the court stay, rather than dismiss without prejudice, Plaintiff's remaining claims against arresting officer J. Kirby pending resolution of Plaintiff's criminal case in state court. No objections to the Report were received as of the date of this order.

Order – Page 1

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** as frivolous Plaintiff's claims against Defendants Dallas County Sheriff's Department, Judge Michael Snipes, Magistrate Judge Terrie McVea, and attorneys Sindhu Alexander and G. Thayer Williamson, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Further, the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to these Defendants and **directs** the clerk of the court to enter the final judgment as to these Defendants.

Rather than stay Plaintiff's remaining claims against arresting officer J. Kirby pending resolution of the state criminal case, the court will administratively close this case so it does not continue to age. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed; however, if it is administratively closed, the time is tolled with the case's age. Accordingly, the court **administratively closes** this case and **instructs** the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Plaintiff **shall** file a motion to reopen the case within **60 days** after entry of judgment in his state criminal court case. *Failure to do so will result in dismissal without prejudice of Plaintiff's remaining claims, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order.*

The court prospectively **certifies** that any appeal of this action regarding the matters set forth in this order would not be taken in good faith and **denies** a certificate of appealability. *See* 28 U.S.C. § 1915(a)(3). In support of this finding, the court **adopts and incorporates** by reference the Report.

**Order – Page 2**

*See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

**It is so ordered** this 3rd day of December, 2014.

Sam A. Lindsay
United States District Judge